1
2
3
4                        UNITED STATES DISTRICT COURT
5                       NORTHERN DISTRICT OF CALIFORNIA
6                                EUREKA DIVISION
7
8    DIANA NEWETT,                            **Case No.  13-cv-03196-NJV**

9                    Plaintiff,               **ORDER RE CROSS MOTIONS FOR**
                                              **SUMMARY JUDGMENT**
         v.                                   **DOC. NOS. 23, 26**
10   CAROLYN W. COLVIN,
11                   Defendant.
12
13

14        Diana Newett seeks judicial review of an administrative law judge ("ALJ") decision

15   denying her application for supplemental security income ("SSI") benefits under Title XVI of the

16   Social Security Act.  (Doc. No. 12.)  Newett's request for review of the ALJ's decision was denied

17   by the Appeals Council.  (Administrative Record ("AR") 1-7.)  The decision thus is the "final

18   decision" of the Commissioner of Social Security, which this court may review.  See 42 U.S.C. §§

19   405(g), 1383(c)(3).  Both parties have consented to the jurisdiction of a magistrate judge.  (Docs.

20   Nos. 4, 9.)  The court therefore may decide the parties' cross-motions for summary judgment.  See

21   28 U.S.C. § 636(c).  For the reasons stated below, the court will grant  Plaintiff's motion for

22   summary judgment in part and grant Defendant's motion for summary judgment in part.

23                                 **LEGAL STANDARDS**

24        The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be

25   conclusive."  42 U.S.C. § 405(g).  A district court has a limited scope of review and can only set

26   aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal

27   error.  *Flaten v. Sec'y of Health & Human Servs*., 44 F.3d 1453, 1457 (9th Cir. 1995).  Substantial

28   evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence

United States District Court
Northern District of California

as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The ALJ is "responsible for determining credibility, resolving conflict in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citation omitted). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). If the evidence can support either outcome, the court may not substitute its judgment for that of the Commissioner. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

## DISCUSSION

### The Five Step Sequential Analysis for Determining Disability

A person filing a claim for social security disability benefits ("the claimant") must show that he has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909. The ALJ must consider all evidence in the claimant's case record to determine disability (Id. § 416.920(a)(3)), and must use a five-step sequential evaluation to determine whether the claimant is disabled (Id. § 416.920). "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). Here, the ALJ evaluated Plaintiff's application for benefits under the required five-step sequential evaluation. (AR 23-34.)

At Step One, the claimant bears the burden of showing she has not been engaged in "substantial gainful activity" since the alleged date the claimant became disabled. 20 C.F.R. § 416.920(b). If the claimant has worked and the work is found to be substantial gainful activity, the claimant will be found not disabled. *Id.* The ALJ found that Plaintiff had not been engaged in substantial gainful activity since May 6, 2010, the application date. (AR 22.) Plaintiff does not contest this finding.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    At Step Two, the claimant bears the burden of showing that she has a medically severe

2 impairment or combination of impairments.  20 C.F.R. § 416.920(c).  An impairment is "severe"

3 unless it is a "slight abnormality" that has "no more than a minimal effect on a person's ability to

4 work."  *Delgado v. Comm'r of Soc. Sec. Admin.*, 500 Fed. Appx. 570 (9th Cir. 2012); *see also*

5 *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) ("[T]he step-two inquiry is a de minimis

6 screening device to dispose of groundless claims").  The ALJ found that Plaintiff  had several

7 severe impairments: an affective disorder, sleep apnea, chronic lower back pain, morbid obesity,

8 and asthma.  (AR 22.)

9    At Step Three, the ALJ compares the claimant's impairments to the impairments listed in

10 appendix 1 to subpart P of part 404.  20 C.F.R. § 416.920(d).  The claimant bears the burden of

11 showing his impairments meet or equal an impairment in the listing.  *Id*.  If the claimant is

12 successful, a disability is presumed and benefits are awarded.  *Id*.  If the claimant is unsuccessful,

13 the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to Step Four.

14 Id. § 416.920(e).  Here, the ALJ found that Plaintiff did not have an impairment or condition of

15 impairments that met or medically equaled the severity of one of the listed impairments.  (AR 22-

16 25.)  The ALJ proceeded to assess Plaintiff's RFC and found that she had the RFC to perform light

17 work, except that she should not climb ladders, ropes or scaffolding.  (AR 26.)

18    At Step Four, the claimant bears the burden of showing she does not have sufficient RFC

19 to perform past relevant work due to her impairments and/or limitations.  *Id.* § 416.920(e).  The

20 ALJ found that Plaintiff had no past relevant work.  (AR 39.)  Plaintiff does not challenge this

21 finding.

22    At Step Five, the ALJ bears the burden of establishing that considering her RFC, age,

23 education and work experience, the claimant is able to do other work that exists in significant

24 numbers in the national or local economy.  AR 30. § 416.920(g).  Based on the testimony of a

25 vocational expert, the ALJ found that Plaintiff could perform such other work.  (AR 30-31.)

26 //

27 //

28 //

United States District Court
Northern District of California

**Appeals Council's Review of New Evidence Generated After ALJ Decision**

Plaintiff contends that the Appeals Council committed harmful legal error by failing to review new and material evidence obtained after the ALJ's decision but related to the period before the ALJ's decision. She relies on 20 C.F.R. Section 404.970(b), which provides:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

Plaintiff's hearing before the ALJ was held on December 12, 2011. Seven days later, Plaintiff was struck by a car while she was walking in a parking lot. (AR 846.) The ALJ issued an unfavorable decision dated January 25, 2012. (AR 31.) Plaintiff filed her Request for Review of the Hearing Decision with the Appeals Council on March 26, 2012. (AR 1-6.)

On June 19, 2012, after appropriate extensions, a representative brief was submitted to the Appeals Council. (AR 259-262.) On that same date, additional medical records regarding the injuries sustained in the December 19, 2011 incident were also filed.[1] Plaintiff states that the records documented medical treatment from November 30, 2011, through May 10, 2012. (Doc. 23, Plaintiff's Motion for Summary Judgment, 7:20-21.)

On May 14, 2013, the Appeals Council issued a Notice of Appeals Council Action denying Plantiff's request for review. The Notice provided in part as follows:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.
>
> We considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of the evidence in the record. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.
>
> We also looked at medical notes from North County Clinic dated from January 28, 2012 to May 10, 2012 and medical notes from St. Joseph Hospital dated from April 9, 2012 to April 18, 2012. The Administrative Law Judge decided your case through January 25,

---

[1] These medical records are attached to Plaintiff's Motion for Summary Judgment as Exhibit 1 and Exhibit 2. (Docs. 23-1, 23-2.)

4

2012.  This new information is about a later time.  Therefore, it does not affect the decision about whether you were disabled beginning on or before January 25, 2012.

If you want us to consider whether you were disabled after January 25, 2012, you need to apply again.  We are returning the evidence to you to use in your claim.

(AR 2.)

Plaintiff contends that the Appeals Counsel erred in failing to consider the portion of the additional evidence which documented medical treatment after the date of the ALJ's decision.  She claims that these "medical notes from the North County Clinic dated from January 28, 2012 to May 10, 2012 and medical notes from St. Joseph Hospital dated from April 9, 2012 to April 18, 2012" mentioned in the Appeals Council's Notice relate to the injuries from the accident that occurred just a few days after the ALJ hearing.  She argues that the evidence must therefore be considered by the Appeals Council, because it relates to the period before the ALJ's decision.

This court must review the administrative record as a whole in determining whether the Commissioner's findings are supported by substantial evidence.  *Reddick,* 157 F.3d at 720.  The administrative record includes evidence submitted to and considered by the Appeals Council.  *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012).

The Court finds that the additional evidence submitted to the Appeals Council by Plaintiff contained, in part, medical records regarding treatment after the date of the ALJ's decision of January 25, 2012, but related to the injuries she sustained in the accident on December 19, 2011.  For example, the evidence submitted included a note dated January 28, 2012, from the primary treating physician which includes comments that "[b]ack pain is about the same or worse since her accident, hurts when she coughs .  .  . [neurosurgeon's] office asks for MRI for neck prior to appointment .  .  . Positive for neck pain .  .  . Positive for back pain and joint pain (right knee pain now improved)."  (Doc. 23-2,15-16.)  The plan included cervical and lumbar spine MRIs.  *Id*.  A treatment note regarding the cervical MRI of April 9, 2012, indicated "[n]eck pain following motor vehicle collision" and the findings included "severe right lateral recess and neural foraminal stenosis with compression of the existing nerve roots" at C5-6.  (Doc. 23-1,7.)  Physician's notes

1   dated April 25, 2012, mention, "MRI results, herniated disc, referral to spinal surgery."  (Doc. 23-

2   2, 3.)   Also mentioned is swelling and pain of the knees which "has been going on since the

3   accident."  (Doc. 23-2, 4.)

4         The court finds that the Appeals Council was required under 20 C.F.R. Section 404.970(b)

5   to consider the additional evidence submitted by Plaintiff which related to the injuries she received

6   in the accident that occurred shortly before the ALJ issued his opinion.  This it failed to do.

7   "Where the Appeals Council was required to consider additional evidence, but failed to do so,

8   remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the

9   additional evidence."  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011).

10  Accordingly, the court will remand to allow the ALJ to reconsider its decision in light of the

11  evidence dated from after his decision but related to Plaintiff's injuries.

12        The court will grant Plaintiff's motion for summary judgment and deny Defendant's motion

13  for summary judgment as to this issue.

14        **Appeals Council's Review of New Evidence Generated Before ALJ's Decision**

15        Plaintiff contends that regardless of its review of the evidence described above, the new

16  evidence that the Appeals Council did accept was sufficient to require remand.  This is the medical

17  record evidence generated between the date of Newett's accident on December 19, 2011, and the

18  ALJ's decision on January 25, 2012.  Plaintiff argues that immediately after the accident she

19  complained of neck pain (AR 843, 846), left-sided radiculopathy (AR 843), mid-back pain (AR

20  845), and knee pain (AR 847).  Plaintiff argues simply that the additional injuries she sustained

21  "could easily have changed the outcome of the ALJ's determination."  (Doc. 23, 11:3-4.)

22        The Order of the Appeals Council states that it considered "the additional evidence listed

23  on the enclosed Order of Appeals Council."  The Order lists three exhibits which it made part of

24  the record: 1) Exhibit 13E, Representative Brief dated June 19, 2012;  2)  Exhibit 41F, Medical

25  Notes from St. Joseph Hospital dated from December 19, 2011 to January 11, 2012;  and 3)

26  Exhibit 42F,  Medical Notes from North Country Clinic dated from November 30, 2011 to January

27  20, 2012.  AR 5. The Appeals Council found that the additional evidence it made part of the

28

United States District Court
Northern District of California

record, "does not provide a basis for changing the Administrative Law Judge's decision." *Id.*   No further analysis was provided.

"[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence. " *Brews v. Commissioner*, 682 F.3d 1157, 1163 (9th Cir. 2012).  However, in this instance, Plaintiff's minimal contention, without supporting argument, does not provide a basis for this court to review the record on this issue.  The court will not attempt to create Plaintiff's arguments for her.

The court will deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment on this issue.  On remand, however, the ALJ must consider these additions to the administrative record along with the additional evidence the Appeal Council declined to consider in order to put that previously-rejected evidence in context.

### Evidence of Plaintiff's Mental Health Record

Plaintiff contends that the ALJ's decision is not based on substantial evidence because significant supporting evidence in the form of Plaintiff's mental health records was ignored.  She argues that although she was committed to a psychiatric hospital after a "suicide attempt" in March 2011 (AR 616), this incident is not mentioned in the decision.  Plaintiff disputes the ALJ's finding that she "ha[d] experienced no episodes of decompensation" (AR 25), arguing that the incident was one such episode.

Plaintiff was admitted to Humboldt County Emergency Services after she reported to her counselor that she had taken eight Lunesta pills and ten Percocet pills on March 4, 2011.  (AR 606, 627-28.)  However, lab results from that date were "essentially unremarkable," and her treatment notes reflect that '[h]er acetaminophen level was nontoxic," "[u]rine drug screen was negative except for oxycodone, which [wa]s on her medication list and for marijuana,"  "her vital signs remained stable," "[s]he d[id] not appear to have an acute toxic event" and was "stable for psychiatric evaluation."  (AR 627-28.)   Plaintiff was discharged to her own care the next day after psychiatric evaluation.  (AR 599-600.)  Related records note that Plaintiff had "absolutely no

1   suicidal feelings."  (AR 601.)  These records also documented that Plaintiff  "g[ave] relevant

2   response to registration/immediate recall/concentration assessment,"  her memory was fully intact,

3   her intellect was above average, and her judgment and insight were adequate.  (AR 604.)

4          An ALJ must explain why "significant probative evidence has been rejected."  *Vincent v.*

5   *Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3rd

6   Cir. 1981).  Plaintiff, however, has not shown that the evidence of the March 4, 2011 incident

7   reaches this level.  An ALJ does not have a duty to address every piece of evidence submitted to

8   her, *Vincent*, 739 F.2d at 1394-95, and a review of the record reveals no error on the part of

9   Defendant in not addressing the March 4, 2011 incident in his decision.

10          The court will deny Plaintiff's motion for summary judgment and grant Defendant's motion

11   for summary judgment as to this issue.

12                          **Opinion of Examining Psychologist**

13          Plaintiff contends that the ALJ committed harmful legal error by rejecting the opinion of

14   consultative psychological examiner Richard Palmer, Ph.D.  (AR 515-19.)  Dr. Palmer determined

15   that Plaintiff would be "unlikely to complete normal workdays and workweeks and deal with

16   common workplace stressors due to her psychological issues combined with her physical distress."

17   (AR 28.)  The ALJ rejected this determination, describing it as "speculative," and finding that it "is

18   not consistent with his evaluation or the record as a whole and fails to be adequately supported."

19   (AR 28.)

20          Dr. Palmer's comprehensive psychological examination states that, "Ms. Newett reported

21   feeling depressed most of the time," and that she stated, "I don't have any energy.  I have to drag

22   myself out to appointments."  (AR 515.)  Dr. Palmer reported that Plaintiff's affect was "somewhat

23   flat and was depressed, gloomy, discouraged and pessimistic."  (AR 517.)

24          "[T]he opinion of an examining doctor, even if contradicted by another doctor, can only be

25   rejected for specific and legitimate reasons that are supported by substantial evidence."  *Lester v.*

26   *Chater*, 81 F.3d 821, 830-31.  While the ALJ may have had specific and legitimate reasons for

27   rejecting the opinion of Dr. Palmer as to Plaintiff's ability to deal with common workplace

28   stressors, the ALJ failed to connect his conclusion to any specific evidence in the record.  Thus it

8

is impossible for the court to evaluate whether the ALJ's opinion is supported by substantial evidence without speculating as to what evidence he may have relied on. This the court cannot do.

Accordingly, this issue must be remanded for the ALJ to explain what evidence he relied on in concluding that Dr. Palmer's determination was speculative, not consistent with his evaluation or the record as a whole, and lacking in adequate support.

The court will grant Plaintiff's motion for summary judgment and deny Defendant's motion for summary judgment as to this issue.

### Analysis of Plaintiff Meeting or Equaling a Listing

Plaintiff contends that the ALJ decision is not based on substantial evidence because the analysis of whether she met a listing is insufficient. She argues that although the decision purports to determine whether Listings 1.02, 1.04, 3.10, 12.02, 3.03, and 12.04 are met, there is no analysis of the evidence regarding these listings in that decision. Plaintiff claims that there is merely a recitation of the necessary elements of the listing and then a conclusory sentence stating that the medical evidence of record fails to provide such evidence. Plaintiff further argues that there is no attempt to analyze whether a combination of impairments could meet or equal any listing.

The law on this general issue was succinctly summarized by the Ninth Circuit as follows:

> The next issue is whether the ALJ adequately explained his finding that Lewis's impairments did not equal a listed impairment. If a claimant's impairment does not meet the criteria specified in the listings, he or she is still disabled if the impairment equals a listed impairment. 20 C.F.R. § 404.1520(d). If a claimant has more than one impairment, the Commissioner must determine "whether the combination of [the] impairments is medically equal to any listed impairment." 20 C.F.R. § 404.1526(a). The claimant's symptoms "must be considered in combination and must not be fragmentized in evaluating their effects." *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir.1995) (citations omitted). A finding of equivalence must be based on medical evidence only. 20 C.F.R. § 404.1529(d)(3).

*Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001).

As is the case here, the ALJ in *Lewis* "did not discuss the combined effects of the impairments, or compare them to any listing." *Id*. However, the claimant "offered no theory, plausible or otherwise, as to how his [severe impairments] combined to equal a listed impairment.

United States District Court
Northern District of California

Nor [did] he point[] to evidence that show[ed] that his combined impairments equal[ed] a listed impairment." *Id.* The same is true in the instant case: Plaintiff has provided no theory as to how her impairments equal a listed impairment, nor has she provided any citation to evidence to support her argument. The court must therefore, conclude, as did the court in *Lewis*, that the ALJ did not err in concluding that Plaintiff's conditions did not equal a listed impairment.

The court will deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment as to this issue.

### Discriminating between Supportive and Unsupportive Evidence

Plaintiff contends that the ALJ decision is not based on substantial evidence because the decision fails to discriminate between supportive and unsupportive evidence. She claims that the decision assigns a Residual Functional Capacity without explaining adequately how it was done. Defendant does not address this contention and therefore has conceded it.

The court will grant Plaintiff's motion for summary judgment and deny Defendant's motion for summary judgment as to this issue. On remand, the ALJ shall address Residual Functional Capacity, distinguishing supportive and unsupportive evidence.

### Consideration of PTSD

Plaintiff contends that the ALJ committed harmful legal error by dismissing her PTSD as non-severe. The psychological consultative examiner included the condition as an AXIS I diagnosis (AR 518), as did Plaintiff's treating psychiatrist.

Defendant does not directly address whether the ALJ erred, and so concedes this issue. Instead Defendant argues that it is immaterial whether the PTSD was severe, because the ALJ found that Plaintiff otherwise satisfied the severity requirement, and proceeded with the disability analysis. Defendant argues that the ALJ considered the functional limitations established by reliable evidence, regardless of severity.

Defendant's argument is unavailing. The ALJ provided no analysis of Plaintiff's PTSD in Step 2 of the sequential analysis and the court will not speculate as to the effect of the lack of such

United States District Court
Northern District of California

10

analysis on the outcome of the ALJ's determination at Steps 3 and 4.  Accordingly, this issue must be remanded for further consideration.

The court will grant Plaintiff's motion for summary judgment and deny Defendant's motion for summary judgment as to this issue.

## ORDER

In light of the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for summary judgment is GRANTED and Defendant's motion for summary judgment is DENIED as to the issue of the Appeals Council's review of evidence generated after the date of the ALJ's decision.  The case is remanded to allow the ALJ to reconsider his decision in light of the evidence dated from after his decision but related to Plaintiff's injuries suffered before the date of the decision.

2. Plaintiff's motion for summary judgment is DENIED and Defendant's motion for summary judgment is GRANTED on the issue of the new evidence generated before the date of the ALJ's decision.  On remand, however, the ALJ must consider these additions to the administrative record in order to fully understand the previously-rejected evidence discussed above.

3. Plaintiff's motion for summary judgment is DENIED and Defendant's motion for summary judgment is GRANTED on the issue of evidence of Plaintiff's health record.

4. Plaintiff's motion for summary judgment is GRANTED and Defendant's motion for summary judgment is DENIED as to the issue of the opinion of the examining psychologist.  On remand the ALJ shall explain what evidence he relied on in reaching his conclusions regarding Dr. Palmer's determination that Plaintiff was unlikely to complete normal workdays and workweeks and deal with common workplace stressors.

5. Plaintiff's motion for summary judgment is DENIED and Defendant's motion for summary judgment is GRANTED as to the issue of the ALJ's analysis of Plaintiff meeting or equaling a listing.

6. Plaintiff's motion for summary judgment is GRANTED and Defendant's motion for summary judgment is DENIED as to the issue of the ALJ's failure to discriminate between supportive and unsupportive evidence.  On remand, the ALJ shall address Residual Functional Capacity, distinguishing supportive and unsupportive evidence.

United States District Court
Northern District of California

1   7. Plaintiff's motion for summary judgment is GRANTED and Defendant's motion for summary

2   judgment is DENIED as to the issue of the ALJ dismissing Plaintiff's PTSD as non-severe.  On

3   remand, the ALJ shall provide an analysis of Plaintiff's PTSD in Step 2 of the sequential analysis.

4   **IT IS SO ORDERED.**

5   Dated:  September  24, 2014

6   NANDOR J. VADAS
    United States Magistrate Judge